JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JONAS PIERRE

**(b)** County of Residence of First Listed Plaintiff NORTHAMPTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

**DEFENDANTS**
FMC CORPORATION

County of Residence of First Listed Defendant PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
TITLE VII, PHRA, PFPO, PCSSO

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE
05/25/2023

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1731 Hastings Road, Bethlehem, Pennsylvania 18017

Address of Defendant: 2929 Walnut Street, Philadelphia, Pennsylvania 19104

Place of Accident, Incident or Transaction: 2929 Walnut Street, Philadelphia, Pennsylvania 19104

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/25/2023 /s/ Sidney L. Gold, Esquire 21374

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______________
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* ______________

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 05/25/2023 /s/ Sidney L. Gold, Esquire 21374

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JONAS PIERRE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| FMC CORPORATION | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 05/25/2023 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONAS PIERRE, | : | |
| ***Plaintiff,*** | : | |
| v. | : | **CIVIL ACTION NO.__________** |
| FMC CORPORATION, | : | |
| ***Defendant.*** | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Jonas Pierre ("Plaintiff Pierre"), a prospective employee of the Defendant, FMC Corporation ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), the Philadelphia Fair Practices Ordinance, §9-1100 et seq. ("PFPO"), and the Philadelphia Criminal Screening Standards Ordinance, §9-3500 et seq. ("PCSSO").

### II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Pierre's claims are substantively based on Title VII.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Pierre's claims arising under the PHRA, PFPO, and PCSSO.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Pierre has satisfied all other jurisdictional prerequisites to the maintenance of this action. On March 1, 2023, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

**III. <u>PARTIES</u>:**

6. Plaintiff, Jonas Pierre ("Plaintiff Pierre"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1731 Hastings Road, Bethlehem, Pennsylvania 18017.

7. Defendant, FMC Corporation ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 2929 Walnut Street, Philadelphia, Pennsylvania 19104.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by Title VII, the PHRA, the PFPO, and the PCSSO and has been, and is, subject to the provisions of each said Act.

**IV. <u>STATEMENT OF FACTS</u>:**

10. Plaintiff Pierre, an African-American individual, applied for the position of Intellectual Property Paralegal with the Defendant in or about August of 2020.

11. By way of background, Plaintiff Pierre possesses twenty (20) years of experience as an Intellectual Property professional and was employed as an Intellectual Property Paralegal for fourteen (14) of said years.

12. On or about August 10, 2020, as a result of Plaintiff Pierre's superior experience and qualifications, Defendant extended an offer of employment to Plaintiff Pierre. On the same date, Plaintiff Pierre accepted Defendant's offer with an anticipated start date of August 24, 2020.

13. On or about August 14, 2020, Plaintiff Pierre proactively informed Defendant that his criminal background search would show adverse findings. Plaintiff Pierre explained that he had learned from his past mistakes and was in the process of seeking expungement.

14. As Plaintiff Pierre indicated, his criminal background report reflected several misdemeanor offenses, three of which occurred more than seven years prior to Plaintiff Pierre's job offer with Defendant.

15. Thereafter, on or about August 24, 2020, Defendant rescinded its job offer to Plaintiff Pierre on the basis of Plaintiff Pierre's criminal record.

16. In response, on or about August 25, 2020, Plaintiff Pierre furnished Defendant with a detailed explanation of the criminal records items contained in the background report and corrected several factual and legal inaccuracies therein. Further, Plaintiff Pierre emphasized the immateriality of his criminal record on his continued status as exceptionally qualified for the position.

17. Nonetheless, on or about September 8, 2020, Defendant formally notified Plaintiff Pierre of its decision to rescind his job offer on the basis of his criminal record.

18. Plaintiff Pierre believes and avers that Defendant's articulated reason for his non-selection constituted unlawful discrimination based on his criminal record and race.

**COUNT I**
**(Title VII - Race Discrimination)**
**Plaintiff Pierre v. Defendant**

19. Plaintiff Pierre incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

20. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pierre to discrimination based on his race, constituted a violation of Title VII.

21. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Pierre has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

22. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff Pierre suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(PHRA - Race Discrimination)**
**Plaintiff Pierre v. Defendant**

23. Plaintiff Pierre incorporates by reference paragraphs 1 through 22 of this Complaint as though fully set forth at length herein.

24. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pierre to discrimination based on his race, constituted a violation of the PHRA.

25. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pierre has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

26. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Pierre suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT III**
**(PFPO - Race Discrimination)**
**Plaintiff Pierre v. Defendant**

27. Plaintiff Pierre incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pierre to discrimination based on his race, constituted a violation of the PFPO.

29. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PFPO, Plaintiff Pierre has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

30. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PFPO, Plaintiff Pierre suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT IV**
**(PCSSO – Criminal Record Discrimination)**
**Plaintiff Pierre v. Defendant**

31. Plaintiff Pierre incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Pierre to discrimination based on his criminal record, constituted a violation of the PCSSO.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PCSSO, Plaintiff Pierre has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

34. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PCSSO, Plaintiff Pierre suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

35. Plaintiff Pierre incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Pierre requests that this Court enter judgment in his favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff Pierre with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff Pierre with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Pierre punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Pierre pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff Pierre demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED: May 25, 2023

**VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 5/16/2023

JONAS PIERRE, PLAINTIFF